UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,                                          Case No. 3:20-cr-133

vs.

DAVID LEE HARGROVE,                 District Judge Michael J. Newman

    Defendant.

___

**ORDER: (1) DENYING DEFENDANT'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT (Doc. No. 64); AND (2) SETTING A SENTENCING HEARING FOR FEBRUARY 1, 2023 AT 2:00 P.M. VIA GOTOMEETING**

___

Defendant David Lee Hargrove ("Hargrove") pled guilty on March 1, 2022 to possessing a firearm after having been previously convicted of a felony offense, a violation of 18 U.S.C. §§ 922(g) and 924(a)(2). Doc. Nos. 53, 56, 58. The Court referred this matter to the Probation Department to prepare a Presentence Investigation Report ("PSR"). Doc. No. 55. This case is now before the Court on Hargrove's objections to the resulting PSR. Doc. No. 64 at PageID 562–63. On December 6, 2022, the Court held a hearing on Hargrove's objections, heard oral argument from counsel on both sides and, at the conclusion of the hearing, took the matter under submission. These objections are now ripe for review.

**I.**

Because Hargrove's underlying offense is not in dispute, this opinion shall only cover the facts necessary to resolve his objections. Hargrove committed his first felony offense—robbery—on November 21, 2005. *See* Doc. No. 64 at PageID 543. On December 6, 2019, police officers, acting pursuant to a lawful search warrant, *see* Doc. No. 43 (order denying Hargrove's motion to suppress), discovered two firearms in an apartment where he was residing, *see* Doc. No. 22-1 at

PageID 143, 145. He was indicted on this charge on November 10, 2020 and subsequently pled guilty on March 22, 2022. Doc. Nos. 4, 53, 56, 58.

At issue are two of Hargrove's prior criminal offenses and how Probation used these when calculating his criminal history score: (1) a menacing conviction pursuant to Ohio Rev. Code § 2903.22(A); and (2) a possession of marijuana citation pursuant to Ohio Rev. Code § 2925.11. Doc. No. 64 at PageID 543–44, 546.

The PSR establishes the facts underlying the menacing conviction as follows:

> On June 23, 2009, Springfield Police Officers were dispatched to 336 East Johnson Avenue on reports of an assault. Officers arrived on scene and made contact with the victim (S.M.). S.M. advised officers her ex-boyfriend, David Hargrove, Jr., came over to her house and confronted her about stealing his money. S.M. denied stealing the defendant's money and Hargrove became belligerent. The defendant threw S.M.'s belongings around her house and destroyed S.M.'s cellular phone, phone charger and television stand. Hargrove and the victim exited the residence and he picked up S.M. and slammed her on the sidewalk. The defendant then told S.M., "I'll be back tonight and I'm gonna set your house on fire." Hargrove then got into a gray 1996 Caprice Classic and fled the area.

*Id.* at PageID 544.[1]  Hargrove received a conviction for this conduct on April 21, 2010 in the Clark County Municipal Court and was sentenced to pay a fine. *See State v. Hargrove*, No. 09-03037-1 (Clark Cnty. Mun. Ct. Apr. 21, 2010). In calculating Hargrove's criminal history score in the present case, Probation assigned one point for this offense. Doc. No. 64 at PageID 543.

Likewise, Probation gave Hargrove an additional point for his March 14, 2014 possession of marijuana—a minor misdemeanor under Ohio law. *Id.* at PageID 546. He received a citation from the Springfield Police Division and paid a fine on March 26, 2014. *See State v. Hargrove*,

---

[1] Hargrove did not object to the facts underlying his convictions; rather, he only made objections as to the correct application of the Sentencing Guidelines to these underlying facts. Accordingly, the Court may presume that these uncontested facts are true for this order. *See* Fed. R. Crim. P. 32(i)(3)(A); *United States v. White*, 492 F.3d 380, 414 (6th Cir. 2007); *United States v. Welti*, 446 F. App'x 784, 786 (6th Cir. 2012).

No. 2014-CRV-001576 (Dayton Mun. Ct. Mar. 26, 2014).

Hargrove objects to Probation's criminal history estimate, and renewed these objections at oral argument. As to the menacing conviction, he argues that Probation erred in counting it under U.S.S.G. § 4A1.2(e)(2), which only permits counting any sentence "imposed within ten years of the defendant's commencement of the instant offense[.]" U.S.S.G. § 4A1.1(e)(2); Doc. No. 64 at PageID 562. Likewise, during oral argument, he argued that the conviction ought not be counted because it only imposed a fine. For the marijuana possession, he contends that this was a petty offense, pursuant to U.S.S.G. § 4A1.2(c)(1), so it ought not be counted when calculating his criminal history score. Doc. No. 64 at PageID 563. Moreover, because he was not represented by counsel when he paid the fine, according to Hargrove, this too means that it does not qualify per U.S.S.G. § 4A1.2(c)(1). *Id.*

## II.

The Government must "establish the existence of a factor supporting a sentencing enhancement by a preponderance of the evidence." *United States v. Aleo*, 681 F.3d 290, 298 (6th Cir. 2012) (citing *United States v. Gibson*, 985 F.2d 860, 866 (6th Cir. 1993)). "The [G]uidelines calculate a defendant's criminal history category based on the length of his [or her] prior sentences." *United States v. Johnson*, 934 F.3d 498, 500 (6th Cir. 2019). "Prior sentences" include "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of *nolo contendere*, for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1). For every sentence that did not impose a term of imprisonment of at least sixty days, a defendant receives one criminal history point. *Id.* § 4A1.1(c). A sentence "imposed within ten years of the defendant's commencement of the instant offense is counted." *Id.* § 4A1.2(e)(2); *see United States v. Brogdon*, 503 F.3d 555, 559 (6th Cir. 2007). "[T]he term 'commencement of the instant offense' includes any relevant conduct[,]" U.S.S.G. § 4A1.2, cmt. n. 8, and "[r]elevant conduct is defined,

. . . as 'all acts and omissions committed . . . by the defendant . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense[,]'" *Brogdon*, 503 F.3d at 559–60 (quoting U.S.S.G. § 1B1.3(a)(1)).

Furthermore, certain misdemeanors and petty offenses are not counted in calculating a defendant's criminal history score. *See* U.S.S.G. § 4A1.2(c). These fall into two categories. The first encompasses specific enumerated offenses, and "offenses similar to them, by whatever name they are known," count if "the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days," or "the prior offense was similar to an instant offense." *Id.* § 4A1.2(c)(1). The second features another set of specific enumerated offenses and "offenses similar to them," which "are never counted[;]" these include speeding, public intoxication, loitering, and vagrancy offenses. *Id.* § 4A1.2(c)(2).

### III.

Hargrove's first objection proves incorrect. He was convicted of menacing on April 21, 2010. *See State v. Hargrove*, No. 09-03037-1 (Clark Cnty. Mun. Ct. Apr. 21, 2010).[2] It is undisputed that the firearms were discovered pursuant to the lawful December 6, 2019 search—a little more than nine years after the menacing conviction. *See* Doc. No. 22-1 at PageID 143, 145. Even if that date were in dispute, possessing those firearms at any point after his first felony—the robbery conviction on November 21, 2005—and before his arrest in 2019 would count under U.S.S.G. § 4A1.2(e)(2). *See, e.g.*, *Brogdon*, 503 F.3d at 561 (defendant's offense of being a felon

---

[2] It is possible that Hargrove objects because he was arrested for this offense on June 23, 2009, which might put him outside of the ten-year reviewable period. *See* Doc. No. 64 at PageID 543. However, the Court measures from the date of conviction, not arrest. *See* U.S.S.G. § 4A1.2(e)(2); *see United States v. Skibo*, 188 F. App'x 373, 376 (6th Cir. 2006) ("Thus, [Defendant's] conviction on June 22, 1993 is within ten years of the instant offense committed on April 25, 2003").

in possession of a firearm "commenced" on the date that he was convicted of a felony); *United States v. McGee*, 494 F.3d 551, 555 (6th Cir. 2007) ("We have stated that 'the offense of felon in possession is complete once the felon actually obtains possession of a firearm, but continues as long as it remains in his possession'" (quoting *United States v. Barnes*, 910 F.2d 1342, 1344 (6th Cir. 1990))); *United States v. Oliver*, 129 F. App'x 210, 212 (6th Cir. 2005) (*per curiam*). Accordingly, Hargrove committed the instant offense of owning a firearm within ten years of when Ohio convicted him of menacing.

Hargrove's related argument—that his menacing conviction ought not count because he only received a fine—also lacks merit. A "prior sentence" is "any sentence previously imposed upon adjudication of guilt," notwithstanding the punishment imposed. U.S.S.G. § 4A1.2(a)(1); *see, e.g.*, *United States v. Davis*, 155 F. App'x 852, 856 (6th Cir. 2005); *United States v. Bennett*, No. 2:14-cr-033, 2015 WL 5514019, at *2 (E.D. Tenn. Sept. 16, 2015).

Hargrove's second objection also falls short. The Sixth Circuit has held that minor misdemeanor marijuana possession convictions under Ohio Rev. Code § 2925.11—even though they only impose a fine—do not fall under the two categories listed in § 4A1.2(c). *See United States v. Stubblefield*, 265 F.3d 345, 347 (6th Cir. 2001) (noting "the exceptions set forth in § 4A1.2(c) do not apply" to Ohio Rev. Code § 2925.11 convictions); *accord United States v. Foster*, 832 F. App'x 401, 406–07 (6th Cir. 2020); *United States v. Tatum*, 743 F. App'x 589, 590–94 (6th Cir. 2018) (finding that the five factors in § 4A1.2 cmt. 12(A) favor a finding that Ohio Rev. Code § 2925.11 does not fall into the enumerated exceptions); *United States v. Collins*, 600 F. App'x 433, 436–37 (6th Cir. 2015); *United States v. Foote*, 705 F.3d 305, 308 (8th Cir. 2013) (noting that "[n]o circuit has held that possession of marijuana (or other drugs) is similar to any of the Guidelines' enumerated exceptions"). Moreover, "an uncounseled misdemeanor conviction

5

may be included in calculating the criminal history category only if the conviction did not result in a term of imprisonment." *United States v. Green*, 729 F. App'x 416, 420–21 (6th Cir. 2018) (quoting *United States v. Moles*, 79 F. App'x 179, 180 (6th Cir. 2003)); *see also, e.g.*, *Nichols v. United States*, 511 U.S. 738, 746–47 (1994). Hargrove was not imprisoned for his marijuana misdemeanor conviction. *See State v. Hargrove*, No. 2014-CRV-001576 (Dayton Mun. Ct. Mar. 26, 2014). Confronted with this controlling precedent, and these facts, the Court finds that Hargrove's objections are unfounded.

## IV.

Hargrove's objections are **DENIED**. The Court **SETS** a sentencing hearing for February 1, 2023 at 2:00 p.m. EST via GoToMeeting.

**IT IS SO ORDERED.**

Date:   December 12, 2022                              s/Michael J. Newman
                                                                                                 Hon. Michael J. Newman
                                                                                                 United States District Judge